UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 17-301 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ELLIS HARP, III | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Ellis Harp, III ("Harp"). Record Document 78. Harp argues his defense counsel violated his Sixth Amendment right to effective assistance of counsel by (1) failing to object to the magistrate judge's finding that the good faith exception to the exclusionary rule applied, thereby failing to preserve that issue for appeal, and (2) failing to raise the issue of relevant conduct on appeal. *Id.* The Government opposes the § 2255 motion and contends Harp is not entitled to any relief. Record Document 80.

For the reasons set forth below, the Court finds Harp's counsel was not ineffective and Harp was not prejudiced from the failure to raise these objections. Harp's motion to vacate, set aside, or correct sentence [Record Document 78] is **DENIED** and **DISMISSED WITH PREJUDICE**. Harp's motion for extension of time to file a reply [Record Document 81] is **GRANTED** and Harp's reply brief was considered by the Court.

### Background

In November 2017, Harp was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession of cocaine with intent to distribute

1

in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1). Record Document 2.

Harp's indictment stemmed from information provided to the Drug Enforcement Agency ("DEA") Task Force by a confidential informant utilized in previous DEA investigations and deemed reliable. Record Document 32 at 3. The confidential informant told DEA agents that Harp acquired cocaine and was distributing it from his tire shop, located at 1610 Hollywood Avenue in Shreveport, Louisiana. *Id.*

Based on this information, the DEA arranged and surveilled two controlled purchases. During the first controlled buy, the confidential informant went to the tire shop wearing an electronic video and audio recording device. He entered the tire shop, purchased two bags of cocaine directly from Harp, and observed more cocaine within the business. *Id.* During the second controlled buy, the confidential informant again went to the tire shop wearing an electronic video and audio recording device. After the confidential informant located Harp, Harp told the informant to wait, and he would come back with the cocaine. *Id.* at 4. DEA agents observed Harp leave the tire shop and drive to 1951 Earl Street. He entered that residence for a short period of time before returning to the tire shop. At the tire shop, Harp handed two bags of cocaine to a third party and that third party handed the cocaine to the confidential informant. *Id.*

DEA agents interviewed the confidential informant about the house at 1951 Earl Street. The informant claimed Harp owned both that home and the home next to it. He stated he had previously observed cocaine inside the residence at 1951 Earl Street. *Id.* at 4-5. DEA agents observed the properties to confirm details provided by the informant. *Id.*

at 5. They further observed that the homes were both surrounded by one brick foundation with a metal gate and that one of the residences was equipped with burglar bars. The DEA agents also sought records on the residences, which revealed both residences were owned by someone with the last name Harp and both had active water listings in the name of Harp's wife. *Id.* Based on this information, the DEA agents applied for warrants to search both Earl Street residences and the tire shop. *See* Record Document 21-2.

Harp filed a motion to suppress, arguing the affidavits that formed the basis of the warrants were insufficient to establish probable cause. Record Documents 21 & 21-1. He argued there were insufficient facts and attestations to establish the credibility and/or reliability of the confidential informant. Record Document 21-1 at 3. Magistrate Judge Hornsby issued a report and recommendation on the matter, finding the warrants were supported by probable cause. Record Document 32 at 9. The report and recommendation further found that, even if the warrants lacked probable cause, the good faith exception to the exclusionary rule applied. *Id.* This Court adopted the report and recommendation. Record Document 35.

On November 29, 2018, Harp pleaded guilty to possession of cocaine with intent to distribute and possession of a firearm in furtherance of drug trafficking. Record Documents 40 & 42. At Harp's initial sentencing hearing on March 28, 2019, the Court heard Harp's objection to the presentence report. Record Document 59 at 3-4. Harp's counsel contended that insufficient evidence linked Harp to the second controlled buy and it should not be considered as relevant conduct to calculate the drug amounts at issue. The Court continued Harp's sentencing to ensure it had sufficient time to review the relevant conduct

objection. *Id.* at 13-14; Record Document 47. At Harp's second sentencing hearing on April 12, 2019, the Government called Special Agent Will Green to testify regarding the second buy. Record Document 60 at 26-32. After hearing Agent Green's testimony, the Court found the second buy was relevant conduct. *Id.* at 35. Harp had a base offense level of twenty-four and received a three-point reduction for acceptance of responsibility. Record Document 48 at 6-7. With a total offense level of twenty-one and a criminal history level III (with six points), Harp's Guideline range was 46-57 months as to Count Two and 60 months (the statutory mandatory minimum) as to Count Three, to run consecutively. *Id.* at 18. Harp was sentenced to a total of 106 months imprisonment and five years of supervised release. Record Documents 59 at 46 & 55 at 1.

      Harp appealed his case to the Fifth Circuit, using the same counsel that represented him at the district court. *See* Notice Form Appearance, *United States v. Harp*, No. 19-30333 (5th Cir. May 1, 2019), ECF No. 14. On appeal, Harp argued the affidavits lacked sufficient facts to establish probable cause, lacked particularity, and were overbroad. Harp's counsel did not raise the issue of the good faith exception. *See* Original Br. Def.-Appellant, Ellis Harp, III, *United States v. Harp*, No. 19-30333 (5th Cir. Aug. 13, 2019), ECF No. 26. After briefing and at Harp's request, Harp's counsel made a motion to withdraw her representation, which the Fifth Circuit denied. Mot. Withdraw, *United States v. Harp*, No. 19-30333 (5th Cir. Sept. 11, 2019), ECF Nos. 37 & 57. The Fifth Circuit affirmed the district court's finding that the good faith exception to the exclusionary rule applied. Record Document 70.

On April 23, 2021, Harp filed the instant motion under § 2255. Record Document 78. In his motion, Harp argues his counsel was ineffective for two reasons. First, for failing to object to the magistrate judge's determination that the good faith exception applied to the warrants, thereby failing to preserve the issue for appeal. Record Document 78-1 at 5. Second, for failing to raise on appeal the Court's finding that the second buy was relevant conduct for the purposes of sentencing. *Id.* at 6-9. The Government filed a brief in opposition, contending Harp is not entitled to relief. Record Document 80.

On July 8, 2021, Harp filed a motion for extension of time to file his reply to the Government's opposition to his motion. Record Documents 81. On August 3, 2021, Harp submitted his proposed filing. Record Document 82. Harp's motion for extension of time [Record Document 81] is **GRANTED** and his reply brief [Record Document 82] has been considered by the Court.

## Law & Analysis

### I.     Relevant Law

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal

quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). One transgression courts may consider for the first time on a § 2255 motion is a claim for ineffective assistance of counsel. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

To state a successful claim of ineffective assistance of counsel, petitioner must demonstrate two things: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong of the *Strickland* test will result in a finding that counsel's performance was constitutionally effective. *Id.*; *see also Tucker v. Johnson,* 115 F.3d 276, 280 (5th Cir. 1997). The petitioner bears the burden of proof of showing both prongs are met. *See Strickland*, 466 U.S. at 687. A court may reject an ineffective assistance of counsel claim upon an insufficient showing of either deficient performance or prejudice without inquiry into the remaining prong. *See id.* at 689-94.

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). If a tactical decision is "conscious and informed … [, it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999). Courts must be "highly deferential" to counsel's performance and make every effort "to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Thus, this Court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986)).

To establish the second prong of prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Self-serving conclusory statements that the outcome would have been different "fall[ ] far short of satisfying *Strickland*'s prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001).

## II. Analysis of Claims

### A. Failure to Object to the Report & Recommendation's Finding that the Good Faith Exception Applied

"While the Constitution guarantees criminal defendants a competent attorney, it does not insure [sic] that defense counsel will recognize and raise every conceivable … claim." *Jones v. Davis*, 673 F. App'x 369, 375 n.54 (5th Cir. 2016) (quoting *Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014)). "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990); *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument … cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Harp claims his counsel prejudiced him by failing to object to the report and recommendation's finding that the good faith exception applied. But any such objection would have been without merit. "The good faith exception to the exclusionary rule provides 'that evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible' even if the affidavit on which the warrant was grounded was insufficient to establish probable cause." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014) (quoting *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997)). The good faith exception is only inapplicable in the limited circumstances where: (a) the affiant knew the affidavit was false; (b) the affiant acted with a reckless disregard for the truth; or (c) the affidavit is "so lacking in indicia of

probable cause as to render official belief of its existence entirely unreasonable." *Id.* (quoting *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006)).

      Harp does not suggest that the affiant in this case knew the affidavit was false or acted in reckless disregard for the truth. Rather, Harp seemingly relies on the argument that the affidavit is so lacking in indicia of probable cause such that the officers' reliance on the warrant was unreasonable. Record Document 78-1. Harp is correct that "[o]fficers must not turn a blind eye to the details that do not support probable cause for a particular crime." *Id.* at 5 (citing *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988)). But here, law enforcement had "ample reason to believe a crime was afoot." *Bigford*, 834 F.2d at 1220. Law enforcement had the testimony of a reliable confidential informant, two controlled purchases from Harp, observations of the house(s) Harp traveled to during the second controlled buy, and water and tax records for those houses that were traced to persons with Harp's last name. Record Document 32 at 3-6.

      Because counsel's objection would have been meritless, counsel was not deficient and prejudice did not issue from the failure to object. Harp's counsel was not ineffective for failing to object to the report and recommendation's finding that the good faith exception applied. For the same reasons, to the extent Harp implies his counsel was ineffective for failing to raise on appeal the argument that the good faith exception should not apply, any such claim is without merit. *See United States v. Gonzalez-Vargas*, 278 F. App'x 464, 464 (5th Cir. 2008) ("Counsel is not required to raise meritless arguments on appeal."). The objection was meritless at the time the report and recommendation was issued and would have been meritless on appeal.

### B. Failure to Raise Relevant Conduct Objection on Appeal

"The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* "While counsel is expected to raise [s]olid, meritorious arguments based on directly controlling precedent," counsel is not required to "'raise every nonfrivolous ground' for objecting to a ruling adverse to the defendant's interests." *United States v. Lagos*, 25 F.4th 329, 337 (5th Cir. 2022) (internal marks and quotations omitted) (alteration in original).

Although challenges to sentencing determinations are not cognizable on a § 2255 motion, a defendant may bring a claim that their counsel rendered ineffective assistance by failing to make the argument when it was cognizable. *Williamson*, 183 F.3d at 462. Therefore, Harp can claim his counsel was ineffective for failing to raise sentencing-related issues on appeal while those issues were cognizable. However, Harp's counsel was not ineffective for failing to raise the Court's relevant conduct determination on appeal. Harp's counsel did object to this Court's finding that the second buy was relevant conduct to be included in determining the amount of drugs sold for the purposes of sentencing. Record Documents 49 at 1-2, 59 at 3 & 60 at 4-5. But preserving an objection does not mean that objection has merit nor that the lawyer must raise the objection on appeal to be effective.

Indeed, any attempt by counsel to raise the relevant conduct decision on appeal would have been unsuccessful.

The Sentencing Guidelines[1] state that relevant conduct includes "all acts and omissions … that occurred during the commission of the offense of conviction, [or] in preparation for that offense." U.S.S.G. § 1B1.3(a)(1) (U.S. Sent'g Comm'n 2018). "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." *Id.* § 1B1.3 cmt. 5(B)(i). The commentary accompanying the Guidelines provides that in drug distribution cases, when drug sales are "part of the same course of conduct or common scheme or plan, … the total quantity of [drugs] involved … is to be used to determine the offense level." *Id.* § 1B1.3 cmt. 5(A). The sentencing court "need only find by a preponderance of evidence that the defendant committed the 'relevant conduct.'" *United States v. Bryant*, 991 F.2d 171, 177 (5th Cir. 1993).

The Fifth Circuit has provided district courts with guidance on determining what constitutes relevant conduct:

> For sentencing purposes, the district court may consider any relevant evidence "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *U.S. v. Michael*, 894 F.2d 1457, 1461-62 (5th Cir. 1990). Facts used by the district court for sentencing purposes have "some indicia of reliability" where they are "reasonably reliable." *U.S. v. Shacklett*, 921 F.2d 580, 585 (5th Cir. 1991). "The defendant bears the burden of demonstrating that information

---

[1] To evaluate Harp's ineffective assistance of counsel claim, the Court uses the Sentencing Guidelines in effect on the date of Harp's April 12, 2019 sentencing. *See United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014).

the district court relied on in sentencing is 'materially untrue.'" *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).

*United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

This Court made extensive findings regarding relevant conduct. As explained above, the Court continued Harp's first sentencing hearing because it needed more time to consider Harp's relevant conduct objection.[2] Record Document 59 at 13-14. At the second sentencing hearing, the Court outlined the legal standard for determining relevant conduct, including the relevant Sentencing Guideline provisions and accompanying commentary, and relevant Fifth Circuit precedent. Record Document 60 at 17-19. It then made its factual findings which included the following:

> Here, the sales to the confidential informant were within days of the execution of the search warrant, and thus, within days of the offense as charged in the indictment, thus satisfying the temporal condition. Further, the sales involved a common purpose and modus operandi, the sale of cocaine. No reason has been advanced why these transactions should not be considered as relevant conduct other than the presence of the third party.[3]

*Id.* at 19-20.

The Court agreed with Harp's counsel that the statements concerning the actual transfer of drugs from Harp to the third party were hearsay, but found there were sufficient facts to corroborate the statements. Those facts include that Harp left the tire shop after

---

[2] The Court notes that Harp attempted to withdraw his relevant conduct objection to avoid having his sentencing continued. The Court declined because Harp had already stated on the record that he did not engage in the relevant conduct. Record Document 59 at 13-14.

[3] The Court notes that the transcript reads "No reason has to be advanced …" Record Document 60 at 20. The transcript should read "No reason has been advanced …" as reflected above.

12

he was asked for drugs during the second controlled buy and traveled to a residence for a short time, then immediately returned to the business. *Id.* at 20-21. There was information that Harp was making ongoing sales out of the tire shop, and the buy from Harp just a few days before the second controlled buy indicated a pattern of activity. *Id.* at 21-22.

The Court's relevant conduct determination was based on evidence with sufficient indicia of reliability, which it was permitted to consider. Based on the evidence before it, the Court found it was more likely than not that the second controlled buy was relevant conduct. As the Court stated at sentencing, Harp did not advance any reasons why the second buy should not have been considered relevant conduct other than the fact that a third party was present. Thus, Harp did not carry his burden of showing that any of the evidence the Court relied upon was "materially untrue." *See Vela*, 927 F.2d at 201. The Court's finding of relevant conduct was therefore without clear error and would not have been disturbed on appeal. Therefore, Harp's counsel was not ineffective and prejudice did not issue from her failure to raise the issue on appeal.

## Conclusion

For the reasons assigned herein, Harp's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 78] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. Harp's motion for extension of time to file a reply [Record Document 81] is **GRANTED** and Harp's reply brief was considered by the Court in the rendering of this decision.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Harp has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this ~~21st~~ 24th day of October, 2024.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE